IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LEON PICKETT, #190703, ) | |
| a.k.a., Leon Pickett El-Bey, ) | |
|   ) | |
|   Plaintiff, ) | |
|   ) | |
|   v. ) | CASE NO. 2:13-CV-727-WHA |
|   ) | |
| PRESIDENT PRO TEMPORE SENATORS, ) | |
| CHIEF JUSTICE JUDGES, LUTHER ) | |
| STRANGE, ALL SIXTY-SEVEN ) | |
| COUNTIES CIRCUIT JUDGES, ALL ) | |
| SIXTY-SEVEN COUNTIES DISTRICT ) | |
| ATTORNEYS, and ALABAMA BD. OF ) | |
| PARDONS and PAROLES, ) | |
|   ) | |
|   Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This federal civil action is before the court on a complaint filed by Leon Pickett ["Pickett"], a state inmate currently confined at the Bibb Correctional Facility.[1] In this complaint, Pickett challenges actions of members of the Alabama legislature, various state appellate judges, all state circuit court judges, the prosecuting attorneys for all Alabama counties and the Alabama Board of Pardons and Paroles with respect to the constitutionality of his current incarceration. Specifically, Pickett asserts that he has renounced his citizenship by cancelling his social security card and birth certificate and, as a consequence of such actions, is a "Free National Moorish-American" entitled to sovereign immunity from all state laws. *Complaint - Doc. No. 2* at 14.

---

[1] Pickett states that "[t]his is not a 1983 color of [state] law complaint! This is a tort complaint [filed under the Federal Tort Claims Act]." *Complaint - Doc. No. 2* at 1. Pickett also styles the action as a "Federal Torts Claim Application." *Id.*

Pickett maintains that due to his renouncement of citizenship the defendants are "without proper jurisdiction, without proper venue, without proper status, without proper adjudication under a fatal void jurisdiction" to issue indictments and/or enter convictions/sentences against him. *Id.* at 3. Pickett alleges the actions of the defendants are void, and that "all contracts, sentences, judgments, convictions of the plaintiff[] ... be vacated, abolished, removed [or] cancel[led] immediately...." *Id.* at 16. Pickett seeks issuance of a declaratory judgment, injunctive relief and monetary damages from the defendants.

Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is appropriate under the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[2]

## II.  DISCUSSION

### 1.  The Federal Tort Claims Act

Pickett requests relief from the defendants under the Federal Tort Claims Act ["FTCA"]. "In the FTCA, Congress waived the United States' sovereign immunity for claims arising out of torts committed by federal employees. *See* 28 U.S.C. § 1346(b)(1). As relevant here, the FTCA authorizes 'claims against the United States, for money damages ... for injury or loss of property ... caused by the negligent or wrongful act or omission of any employee of the [United States] Government while acting within the scope of his office or employment.' *Ibid.*" *Ali v. Federal Bureau of Prisons*, 552 U.S. 214, 217-218, 128 S.Ct. 831, 835 (2008).

---

[2]The court granted Pickett leave to proceed *in forma pauperis* in this case. *Order of October 9, 2013 - Doc. No. 4.* An indigent prisoner allowed to proceed *in forma pauperis* will have his complaint screened under 28 U.S.C. § 1915(e)(2)(B) which requires this court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

> The FTCA imposes civil liability on the United States for "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). ***It is well-established that for the United States to be liable under the FTCA, the alleged tortfeasor must be an employee of the government***. *Patterson & Wilder Constr. Co. v. United States,* 226 F.3d 1269, 1273-74 (11th Cir. 2000). Under the FTCA, an "employee of the Government" includes "officers or employees of any federal agency ... and persons acting on behalf of a federal agency in an official capacity, temporarily or permanently in the service of the United States, whether with or without compensation." 28 U.S.C. § 2671.

*Duque v. United States*, 216 Fed.Appx. 830, 831-832 (11th Cir. 2007) (emphasis added).

The defendants listed by Pickett are not employees of the federal government, as they are not officers or employees of a federal agency and have not acted on behalf of a federal agency; rather, the defendants are all state actors. Consequently, Pickett is entitled to no relief under the FTCA and his claims for relief related to the FTCA are due to be summarily dismissed as frivolous in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

### 2. The Challenges to Criminal Conviction(s) and Resulting Confinement

Pickett alleges violations of his constitutional rights and federal laws by state actors which go to the fundamental legality of his conviction(s) and current incarceration, claims which by their very nature arise under 42 U.S.C. § 1983. These claims, however, presently provide no basis for relief in this cause of action, regardless of whether the action is one filed under the FTCA or 42 U.S.C. § 1983. *Edwards v. Balisok,* 520 U.S. 641, 646 (1997); *Heck v. Humphrey*, 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995).

In *Heck,* the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. *Heck*, 512 U.S. at 483-489. The relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id*. at 487; *Balisok*, 520 U.S. at 646-648. "It is irrelevant that [the plaintiff] disclaims any intention of challenging his conviction; if he makes allegations that are inconsistent with the conviction's having been valid, *Heck* kicks in and bars his civil suit." *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003), citing *Balisok*, 520 U.S. at 646-648.

The law is well settled that "habeas corpus is the exclusive remedy for a ... prisoner who challenges" the basis for his incarceration. *Heck*, 512 U.S. at 481; *Balisok*, 520 U.S. at 645 (The "sole remedy in federal court" for a prisoner challenging the constitutionality of his confinement is a petition for writ of habeas corpus.); *Okoro*, 324 F.3d at 490 (*Heck* directs that a state inmate "making a collateral attack on his conviction ... may not do that in a civil suit, other than a suit under the habeas corpus statute...."). The rule of *Heck* is not limited to a request for damages but is equally applicable to an inmate's request for declaratory judgment or injunctive relief. *Balisok*, *supra*. An inmate "cannot seek to accomplish by a section 1983 [or FTCA] declaratory judgment what he must accomplish solely through a writ of habeas corpus." *Jones v. Watkins*, 945 F.Supp. 1143, 1151 (N.D. Ill. 1996); *Miller v. Indiana Dept. of Corrections*, 75 F.3d 330, 331 (7th Cir. 1996) (Under *Heck*, "[t]he [determinative] issue ... is not the relief sought, but the

ground of the challenge."). In *Balisok*, the Court "reemphasize[d] ... that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 649.

It is clear that the conviction(s) which form the basis for Pickett's present incarceration have not been reversed, expunged, impugned or invalidated in an appropriate state or federal action. *Heck* and its progeny therefore bar Pickett's use of any federal civil cause of action, other than a 28 U.S.C. § 2254 application for habeas corpus relief, to mount a collateral attack on the conviction(s). 512 U.S. at 489 ("Even a prisoner who has fully exhausted [all] available ... remedies has no cause of action under § 1983 unless and until the conviction ... is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus."); *Abella*, 63 F.3d at 1066 n.4 ("*Heck* clarifies that *Preiser* is a rule of cognizability, not exhaustion.").

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The claims presented by Pickett under the Federal Tort Claims Act be DISMISSED with prejudice pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

2.  The plaintiff's challenges to the constitutionality of his conviction(s) and resulting current incarceration be dismissed without prejudice in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) as these claims are not properly before the court in this cause of action.

3.  This case be dismissed prior to service of process in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

It is further

ORDERED that on or before November 7, 2013, the parties may file objections to this Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 24th day of October, 2013.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE